IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DONALD R. SEILHEIMER** § | | |
| **(INDEPENDENT EXECUTOR),** § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 3:22-CV-0681-N-BH | |
| § | | |
| **SOUNDVIEW HOME LOAN TRUST** § | | |
| **2006-OPT2,** § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Brief in Support*, filed April 13, 2022 (doc. 9). Based on the relevant findings and applicable law, this action should be *sua sponte* **DISMISSED without prejudice**, and the defendant's motion to dismiss should be **DENIED as moot**.

### I. BACKGROUND

On January 31, 2022, Donald R. Seilheimer, in his purported capacity "as Independent Executor for the Estate of Shiela O'Neal Seilheimer" (Plaintiff), filed this *pro se* action in state court against Option One Mortgage assigned the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2 (Defendant),[2] seeking to prevent the scheduled foreclosure sale of real property located at 1509 Perryton Drive, Dallas, Texas 75224 (Property). (doc. 6 at 12-16.)[3]  Plaintiff's state

---

[1]By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]Defendant is improperly named in the petition as "Soundview Home Loan Trust 2006-OPT2." (*See* doc. 2.)

[3]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

court petition alleges that a probate case has been filed and that the Property is part of "the Estate of Shiela Seilheimer" (Estate). (*Id.* at 13.) It also alleges that Defendant has no right to enforce its purported lien on the Property because the four-year statute of limitations to sell the Property has expired, and its power of sale to enforce the lien is void under Texas Civil Practice and Remedies Code § 16.035. (*Id.* at 14.) Plaintiff seeks a declaration that Defendant's purported lien on the Property is void, an injunction to prevent Defendant "from taking any further actions to collect any amount regarding the Home Equity Note and the Deed of Trust it purportedly owns," damages, reasonable fees, and costs of court. (*Id.* at 14-15.)

After this lawsuit was removed to federal court, Defendant moved to dismiss the entire case under Rule 12(b)(6) for failure to state a claim on April 13, 2022. (doc. 9.) Plaintiff did not respond to the motion.

## II. *SUA SPONTE* DISMISSAL

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss." *See id.* at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)) (internal quotations omitted). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object to it satisfies this

requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

A.   <u>*Pro Se* **Representation of Estate**</u>

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Individuals who are not "licensed to practice law may not represent the legal interests of others" in federal court, however. *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)); *see also Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in federal court). With regard to an estate, "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Rodgers*, 819 F.3d at 211.

Here, Plaintiff brings this *pro se* action in his capacity as independent executor of the Estate. (*See* doc. 6 at 12.) As discussed, a *pro se* plaintiff is generally barred from prosecuting a civil suit on behalf of others. *See Guajardo*, 432 F.2d at 1324. Although his state court petition alleges that he is the independent executor of the Estate, it does not allege that he is the Estate's sole beneficiary and that it has no creditors. *See Rodgers*, 819 F.3d at 211; *see also Chapman v. Baylor Univ. Med. Ctr.*, No. 3:12-CV-2117-D BH, 2012 WL 6866935, at *2 (N.D. Tex. Oct. 1, 2012), *adopted by* 2013 WL 171908 (N.D. Tex. Jan. 16, 2013) ("Plaintiff may not bring this *pro se* case on behalf of her deceased mother's estate."); *City Bank v. Compass Bank*, No. EP-09-CV-96-KC, 2009 WL 4775104, at *1 (W.D. Tex. Dec. 10, 2009) ("Individuals appearing in representative capacities, such as executors of estates, may not proceed in litigation on a *pro se* basis, especially when the estate or entity being represented has third party beneficiaries or

creditors."). In *Rathbone v. Bank of New York Mellon for RML Tr. 2013-2*, No. 4:17-CV-1828, 2018 WL 615084 (S.D. Tex. Jan. 9, 2018), *adopted sub nom. by* 2018 WL 588363 (S.D. Tex. Jan. 29, 2018), a *pro se* plaintiff sued on behalf of an estate to void the note and deed of trust issued to the deceased and to invalidate the creditor's lien on the deceased's property. Citing *Rodgers*, the court found that the plaintiff could not bring a *pro se* case on behalf of the estate because other heirs and at least one creditor existed, and it dismissed the estate's claims without prejudice. *Id.* at *3 (citing 819 F.3d at 210).

Because it does not appear that Plaintiff is licensed to practice law, and his petition does not allege that he is the Estate's sole beneficiary and that it has no creditors, this action should be *sua sponte* dismissed without prejudice, and Defendant's motion to dismiss should be denied as moot. *See Rodgers*, 819 F.3d at 210; *Rathbone*, 2018 WL 615084, at *3; *see also Shamsid-Deen v. Texas*, No. 3:13-CV-3414-L, 2014 WL 1917579, at *2 (N.D. Tex. May 13, 2014) ("To the extent that Plaintiff seeks to pursue claims on behalf of ... the estate *pro se*, those claims should be dismissed without prejudice.").

**B.    Opportunity to Amend or Retain Counsel**

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a

4

recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010). Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Based on the pleadings, Plaintiff cannot represent the Estate in this action without legal representation. He should be offered an opportunity to retain legal counsel for this action to proceed on the Estate's behalf, or to file an amended complaint that alleges facts showing that he should be allowed to represent the Estate without counsel, including whether he is its only beneficiary and whether it has no creditors. *See Rodgers*, 819 F.3d at 211.

### III.  RECOMMENDATION

Because Plaintiff may not prosecute this action on behalf of the Estate without legal counsel, it should be *sua sponte* **DISMISSED without prejudice**, unless he files an amended complaint alleging facts supporting why he should be allowed to proceed *pro se* in this action, or licensed counsel enters an appearance on the Estate's behalf, within the 14 days allotted for objections to this recommendation, or some other deadline set by the Court. If Plaintiff timely files an amended complaint, the action should be allowed to proceed on the amended complaint. Defendant's motion to dismiss should be **DENIED as moot**.

**SO RECOMMENDED** on this 3rd day of October, 2022.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE